**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KATHY LEE OSBURN and JUSTIN OSBURN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 18-CV-94-GKF-FHM |
| UNITED STATES OF AMERICA, *ex rel.* THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, PUBLIC HEALTH SERVICES, INDIAN HEALTH SERVICES, and CLAREMORE INDIAN HOSPITAL, | ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

Before the court is defendant's Motion to Dismiss Loss of Consortium Claim for Failure to Exhaust [Doc. No. 6]. For the reasons set forth below, the motion is denied.

This is a medical negligence action brought against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.* Plaintiff Kathy Lee Osburn developed a wound infection following hernia surgery at the Claremore Indian Hospital. She and her husband Justin claim that the diagnosis and treatment of the wound infection by the doctors and employees at the Hospital fell below the minimum standards of care. The substandard care, they allege, resulted in necrotizing fasciitis, commonly known as flesh-eating disease, and required numerous surgeries and extensive medical treatment to resolve. Ms. Osburn claims damages for physical pain and suffering, mental pain and suffering, physical impairment, permanent disfigurement, loss of earnings, impairment of earning capacity, and past and future medical expenses. Mr. Osburn claims damages for loss of consortium.

Because the Osburns' claim is against an agency of the federal government, they jointly filed an administrative tort claim with the Department of Health and Human Services. In the box on the government's "Standard Form 95," which calls for the basis of their claim, they stated:

> Kathy had hernia repair surgery at the Indian Hospital in Claremore, OK by Dr. Femi-Pearse. Following surgery, she developed a wound infection, which was not treated properly by Dr. Femi-Pearse and Dr. Lang and resulted in necrotizing fasciitis, which was ultimately diagnosed and treated at St. Francis Hospital in Tulsa, OK. Neither Dr. Femi-Pearse or Dr. Lang performed a dibridement [sic] nor aggressively treated the infection according to the standard of care. Neither doctor properly diagnosed necrotizing fasciitis. Dr. Femi-Pearse also did not perform the hernia repair properly. Justin claims loss of consortium.

As for the claimed nature and extent of each injury which forms the basis of their claim, the Osburns stated:

> Kathy ended up with a large hole in her abdomen and the mesh removed. She has nothing to hold her intestines in place, which hang out into her skin. She has suffered greatly from pain (physical and mental), has had to endure numerous surgeries, has incurred medical bills, and will require further surgeries and incur more medical bills. She cannot work, is still in pain, and is disfigured. Justin has lost income and has lost consortium as a result of these actions.

In box 12 of Standard Form 95, which requires claimants to place the amount of their claim, the Osburns wrote $5,000,000.00. Both of the Osburns signed the claim form.

The Federal Tort Claims Act's jurisdictional statute, 28 U.S.C. § 2675(a), "requires that claims for damages against the government be presented to the appropriate federal agency by filing '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (quoting *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984)), and reaffirmed in *Trentadue v. United*

*States*, 397 F.3d 840, 852 (10th Cir. 2005). The Tenth Circuit has stated that the FTCA's notice requirements should not be interpreted inflexibly. *Id.* at 853. "[A]s long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement." *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2000).

The United States contends Mr. Osburn's claim for loss of consortium should be dismissed because Mr. Osburn failed to present a separate administrative tort claim. This Court disagrees. In *Emery v. United States*, 920 F. Supp. 788 (W.D. Mich. 1996), the district court found a single administrative claim form sufficient to provide the government with adequate notice of a spouse's claim for loss of consortium. Though the spouse was not listed as a claimant, it was clear and unambiguous on the face of the form that the spouse was alleging a claim for loss of consortium against the government. In *Casey v. United States*, 635 F. Supp. 221 (D. Mass. 1986), the district court rejected the government's argument that a spouse must file a separate administrative claim, where the spouse's name was included on the same claim form and the United States could not complain of any unfair surprise. And in *Loper v. United States*, 904 F. Supp. 863 (N.D. Ind. 1995), the district court held that the inclusion of the wife's name and signature on the administrative claim form sufficiently complied with the requirements of the FTCA.

The procedural facts in the instant case are more compelling than those presented in *Emery, Casey,* and *Loper.* Not only did the Osburns' administrative claim clearly and unambiguously raise Mr. Osburn's loss of consortium claim twice, but Mr. Osburn is listed as a claimant, and he signed the administrative claim form.

With regard to the second prong of the FTCA's § 2675 test—the requirement that the claimant place a value on his or her claim—the government notes that the Osburns' Complaint requests damages in an amount in excess of $75,000.00 for loss of consortium, but that there was no separate damages amount set forth in the administrative claim for Mr. Osburn's loss of consortium claim, either for an amount in excess of $75,000.00, or any other amount. Under the FTCA, an action "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency," except in circumstances where newly discovered evidence or proof supports a different amount of claim. *See* 28 U.S.C. § 2675(b).

In response, the Osburns argue that their lump sum damages claim satisfies the "sum certain" requirement. This Court agrees. The Osburns appear to concede that the total damage demand in their Complaint may not exceed the total amount they claimed on Standard Form 95, and they request permission to amend the amount of damages for each plaintiff so as to conform with the demand made in their administrative claim. The Court does not believe it necessary to amend, as the Osburns' final prayer in their Complaint is limited to the sum certain listed in their administrative claim.

WHEREFORE, defendant's Motion to Dismiss Loss of Consortium Claim for Failure to Exhaust [Doc. No. 6] is denied.

IT IS SO ORDERED this 10th day of September, 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE